**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KRISTINA FAUST,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 4:25-CV-02076<br><br><br><br>(CAMONI, M.J.) |

## MEMORANDUM OPINION

Plaintiff Kristina Faust brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability under Title II of the Social Security Act. Transcript, doc. 6-2 at 31. She challenges the Administrative Law Judge's (ALJ) step two and RFC determinations. Pl.'s Br., doc. 7 at 2. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On February 13, 2023, Faust applied for disability insurance benefits under Title II of the Social Security Act, alleging disability as of

September 1, 2022. Doc. 6-3 at 2. Following an initial denial, Faust submitted an appeal, requesting a hearing before an ALJ. Doc. 6-4 at 38. The ALJ conducted the hearing and determined that Faust was not disabled. Doc. 6-2 at 31.

Faust filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Faust's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is briefed (docs. 7, 9) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 5.

**B. The Disability Determination Process**

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;

2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

After proceeding through the five-step sequential analysis, the ALJ determined that Faust "was not under a disability, . . . at any time from September 1, 2022, the alleged onset date, through December 31, 2023, the date last insured." Doc. 6-2 at 31. The ALJ denied Faust's disability claim at step five, after considering her "age, education, work experience,

and residual functional capacity," because he found that "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." *Id.* at 30.

On appeal, Faust argues that the ALJ's erred at step two by failing to: (1) consider her headaches, insomnia, and panic attacks as severe; and (2) address the severity of her complex regional pain syndrome (CRPS). *See* doc. 7 at 2-3. The Court, adhering to the deferential standard of review outlined below and finding no error, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v.*

*Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions

for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Faust is disabled, but whether the Commissioner's finding that Faust is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for

his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Faust primarily argues that the ALJ erred at step two by: (1) failing to consider her headaches, insomnia, and panic attacks as severe; and (2) not addressing the severity of her complex regional pain syndrome (CRPS). *See* doc. 7 at 2-3. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

To begin with, the ALJ was not required to consider Faust's headaches, insomnia, or panic attacks as severe. A claimant has the burden to establish a medically determinable impairment. At step two, a claimant must establish a physical or mental impairment which must be shown by "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. The ALJ "will not use [a claimant's] statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment[.]" *Id.* The existence of a medically determinable impairment "cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings." SSR 96-4p, 1996 WL 374187, at *1. Here, the record shows that

Faust fails to establish headaches, insomnia, and panic attacks as medically determinable impairments. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (explaining that the ALJ need not discuss all impairments but only those that are medically determinable).

Since the alleged onset of disability, Faust's medical records as to headaches, insomnia, and panic attacks are limited to diagnoses and subjective complaints. *See* doc. 7 at 2; 20 C.F.R. § 404.1521. The Court is, therefore, satisfied that substantial evidence supported the ALJ's determination to exclude such symptoms from Faust's medically determinable impairments. *See Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) (finding that mere diagnosis of an impairment, without more, does not warrant an award of disability benefits). Even assuming *arguendo* that the ALJ erred in failing to consider Faust's symptoms as severe impairments, such error at step two is harmless because the ALJ found other severe impairments and progressed to a later step. *See Orr v. Comm'r of Soc. Sec.*, 805 F. App'x 85, 88 (3d Cir. 2020).

Next, contrary to Faust's argument, the ALJ adequately considered her CRPS. *See* doc. 6-2 at 19 (step three), 23-24 (RFC stage). At step three of the analysis, the ALJ reasoned that Faust's CRPS did not meet an

enumerated listing because her physical and consultative examinations reported normal functioning and full strength in lower extremities and in grip strength. *See id.* at 19. The ALJ further discussed at the RFC stage that "no findings of complex regional pain syndrome were evident at that time," and that "neurological assessment . . . indicated the claimant's lower extremity strength was normal bilaterally and she had full sensation with no numbness, pain, nor tingling in her upper and lower extremities." *Id.* at 23. Because Faust failed to present sufficient evidence to establish, and the record did not otherwise demonstrate, that Faust's CRPS caused limitations that precluded her ability to work, the ALJ's determination is supported by substantial evidence. *Mercado v. Kijakazi*, 629 F. Supp. 3d 260, 282 (M.D. Pa. 2022) ("Where an ALJ has clearly articulated the evidence supporting his decision, it is not our province to substitute our own judgment as to the severity of the plaintiff's impairments.").

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.[1]

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: November 9, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge

---

[1] Faust also argues, in passing, that the ALJ failed to properly evaluate the medical support of Faust's "treating physicians, particularly those related to the severity of CRPS and anxiety." Doc. 7 at 5. As Faust fails to support this argument, and it amounts to no more than a request for the Court to reweigh the evidence, the argument will be summarily dismissed. *See Kach v. Hose*, 589 F.3d 626, 642 (3d Cir. 2009), quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("it is well settled that 'a passing reference to an issue will not suffice to bring that issue before this court.'"); *Jones v. Barnhart*, 365 F.3d 501, 505 (3d Cir. 2024) (explaining that an ALJ need not use particular language or adhere to a particular format in conducting his analysis); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."); *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) ("the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence.").